1  **WO**

2

3

4

5

6

7  IN THE UNITED STATES DISTRICT COURT

8  FOR THE DISTRICT OF ARIZONA

9

10  STEPHEN LOUIS BRADFORD,  ) No. CIV 05-1981-PHX-EHC (BPV)
                             )
11      Plaintiff,           ) **REPORT AND RECOMMENDATION**
                             )
12  vs.                      )
                             )
13                           )
    JOSEPH ARPAIO, et al.,   )
14                           )
        Defendants.          )
15  _____ )

16

17

18      Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on July

19  1, 2005.  (Doc. No. 1.)  In the Notice of Assignment entered and mailed to Plaintiff on July

20  1, 2005, Plaintiff was warned he must file a Notice of Change of Address if his address

    changes and that failure to comply would result in his case being dismissed.  (Doc. No. 2.)
21
    Furthermore, the Court's first screening order, dated July 18, 2006, notified Plaintiff that
22
    failure to timely comply with every provision of the order might result in dismissal of the
23
    action without further notice.  (Doc. No. 6.)  The screening order directed Plaintiff to file and
24
    serve a notice of a change of address 10 days before the move is effective, if practicable.
25
    (Id.)  Plaintiff was notified that failure to comply might result in dismissal.  (Id.)
26

27

28

1    On October 16, 2006, an amended complaint was filed. (Doc. No. 10.)  A second

2    screening order was issued on January 19, 2007. (Doc. No. 11.)  The same warnings in

3    regard to notifying the court of a change of address were included in that order. (Id.)

4    Despite these warnings, however, the scheduling order filed by the Court on May 11,

5    2007 (Doc. No. 18 ) was returned as undeliverable with the notation "Return To Sender - Not

6    Deliverable As Addressed - Unable to Forward - Not at ASPC-Florence." (Doc. No. 19.)

7    Plaintiff has not filed a change of address.

8    Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*

9    *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the

10    duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her

11    current address and to comply with the Court's orders in a timely fashion.  This Court does

12    not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears

13    the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*

14    *King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of

15    his new address constitutes failure to prosecute.

16    Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

17    plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

18    move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31

19    (1962), the Supreme Court recognized that a federal district court has the inherent power to

20    dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)

21    of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,

22    in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

23    without notice or hearing. *Id*. at 633.

24    In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

25    the Court must weigh the following five factors: "(1) the public's interest in expeditious

26    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

27    the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

28

availability of less drastic sanctions." *Carey,* 856 F.2d at 1440 (quoting Henderson v. *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that the "Amended Civil Rights Complaint By A Prisoner" (Doc. No. 10) and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections

are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 05-1981-PHX-EHC.**

DATED this 31st day of May, 2007.

_Glenda E. Edmonds_
Glenda E. Edmonds
United States Magistrate Judge

for     BERNARDO P. VELASCO
United States Magistrate Judge

-4-